```
                              FILED ___ LODGED
                         ___ RECEIVED ___ COPY

                              JAN 1 6 2002

                         CLERK U S DISTRICT COURT
                           DISTRICT OF ARIZONA
                         BY_____ DEPUTY
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Danny Lee Jones,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Terry Stewart,<br><br>　　　　Defendant. | No. CV 01-384-PHX-SRB<br><br>**ORDER**<br><br>(Death Penalty) |

On November 29, 2001, the Court entered an Order modifying the procedures in this case.[1] The Court ordered Petitioner to resubmit his Amended Petition to conform with these procedures. Specifically, the Court ordered that:

> Petitioner shall resubmit his Amended Petition to conform with the following requirements no later than **December 17, 2001.** *The resubmitted Amended Petition shall set forth enumerated claims for federal habeas relief. For each claim, Petitioner shall (1) state with specificity the facts and legal authority supporting the merits of the claim, and (2) state when and where the claim was presented to or considered by the state's highest court.*

Petitioner has filed a "Motion to Vacate November 29, 2001 Scheduling Order." Petitioner argues the modification of the Court's previous scheduling procedures, particularly the abbreviated period within which to comply with those modified

---

[1] Petitioner filed his First Amended Petition, containing ninety-three pages, on November 13, 2001. Respondents have not yet filed their Answer.

procedures, violates his rights to due process, counsel and meaningful access to the courts, and violates the Suspension Clause of the United States Constitution.[2] Petitioner argues that his counsel relied on the previous scheduling order in coordinating the tasks to be completed in this action as well as the tasks to be completed in other capital habeas cases. Petitioner also argues that a bifurcated process avoids the use of limited resources, including time, on claims which may be determined to be procedurally barred.[3]

The Court is mindful that modification of the procedures in this action has affected, to some extent, the allocation of resources and the schedule of Petitioner's counsel. These effects can be ameliorated by extending the deadlines for compliance

---

[2] Petitioner argues in part that the modified scheduling procedure:

> violates [Petitioner's] statutorily created right to counsel. . . . [Petitioner] is under a duty to "include all known claims of constitutional error" or risk waiver. [Doc. Nos. 4 and 12]. This is [Petitioner's] first federal habeas corpus petition and he is entitled to a meaningful right to counsel....
>
> [T]his right necessarily encompasses investigation and the services of experts in the "technical assistance" of presenting the identified claims.... Counsel of [Petitioner] has not been able to conduct all of the necessary *preapplication investigation* critical at this stage of [Petitioner's] habeas appeal. Moreover, this is not new investigation but the investigation "prior to the filing of a formal, legally sufficient habeas corpus petition," contemplated by the right to appointed counsel.

(footnote omitted)(emphasis added).
    Contrary to Petitioner's contention, these proceedings are not at the "preapplication" stage. Following a period of eight months within which to review the record and investigate Petitioner's case, counsel filed a First Amended Petition "to include all known claims of constitutional error." (Dkt. 12); see Rule 2, Rules Governing Section 2254 Cases in the United States District Courts. Petitioner was not precluded from requesting extensions of time within which to complete investigation of, or retain experts regarding, particular claims included in the First Amended Petition. Furthermore, as noted herein, Petitioner will be granted additional time within which to comply with the modified procedure.

[3] Petitioner seemingly suggests that a court may not modify the schedule in a civil case absent motion by one of the parties. This is patently incorrect.

with the modified procedures, which the Court is prepared to allow. However, the Court rejects Petitioner's assertion that the modified procedures otherwise materially and adversely affect him. To the extent that Petitioner requires additional time within which to complete his investigation and/or retain experts, Petitioner is free to seek extensions of time.

Accordingly,

**IT IS ORDERED** that Petitioner shall resubmit his Amended Petition to conform with the following requirements no later than **April 1, 2002.** *The resubmitted Amended Petition shall set forth enumerated claims for federal habeas relief. For each claim, Petitioner shall (1) state with specificity the facts and legal authority supporting the merits of the claim, and (2) state when and where the claim was presented to or considered by the state's highest court.*

**IT IS FURTHER ORDERED** that Respondents shall file an Answer to Petitioner's resubmitted Amended Petition within sixty (60) days of the filing of the resubmitted Amended Petition. Pursuant to Rule 5 of the Rules Governing Section 2254 Cases, Respondents' Answer shall specifically respond to the allegations of the petition. *The Court intends the Answer to be a comprehensive responsive pleading, addressing both the factual allegations and legal contentions raised in the Amended Petition as well as any procedural defenses with respect to individual claims.* Accordingly, Respondents shall address the merits of each claim regardless of whether Respondents believe the claim is barred from review by the federal court.

**IT IS FURTHER ORDERED** that any Traverse to Respondents' Answer shall be filed within forty-five (45) days of the filing of Respondents' Answer.

**IT IS FURTHER ORDERED** that any motion for discovery shall be filed no later than thirty (30) days from the date the Traverse is due. A response or reply thereto, if any, shall be filed in accordance with Rule 1.10(c) and (d), respectively, of the Rules of Practice of the U.S. District Court for the District of Arizona

1     **IT IS FURTHER ORDERED** that any motion for evidentiary hearing shall be filed no later than thirty (30) days from the date the Traverse is due. A response or reply thereto, if any, shall be filed in accordance with Rule 1.10(c) and (d), respectively, of the Rules of Practice of the U.S. District Court for the District of Arizona.

    **IT IS FURTHER ORDERED** that the parties shall refrain from filing any motions under Rule 56, Fed. R. Civ. P.

    **IT IS FURTHER ORDERED** denying Petitioner's "Motion to Vacate November 29, 2001 Scheduling Order." (Dkt. 23).

    DATED this 15 day of January, 2002.

_____
SUSAN R. BOLTON
United States District Judge