1  TERRY GODDARD
   ATTORNEY GENERAL
2  (FIRM STATE BAR NO. 14000)

3  DAWN M. NORTHUP
   ASSISTANT ATTORNEY GENERAL
   CAPITAL LITIGATION SECTION
4  1275 W. WASHINGTON
   PHOENIX, ARIZONA 85007−2997
5  TELEPHONE: (602) 542−4686
   DAWN.NORTHUP@AZAG.GOV
6  (STATE BAR NUMBER 013352)

   ATTORNEYS FOR RESPONDENTS

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| DANNY LEE JONES, | CIV 01-0384-PHX-SRB |
|---|---|
| Petitioner, | |
| -vs- | MOTION FOR DISCLOSURE & MOTION TO COMPEL PETITIONER TO EXECUTE MEDICAL RELEASE |
| DORA B. SCHRIRO, et al., | |
| Respondents. | |
| | [Death Penalty Case] |

Pursuant to Rule 26(b)(1) and Rule 35 of the Federal Rules of Civil Procedure, Respondents hereby request this Court to issue an order compelling Petitioner to produce all medical records relating to his mental or physical condition regardless whether any of his expert witnesses relied on the records. Respondents also request this Court order Petitioner to execute a release of his medical records.

Respondents have requested the disclosure of *all* medical and mental health records from Petitioner. Counsel for Petitioner has indicated that all medical records *relied upon by the experts* have been disclosed to Respondents. Respondents then requested Petitioner, through counsel, to execute a medical release form, so that Respondents can conduct their own investigation into

1

1  Petitioner's medical history.  Counsel for Petitioner has indicated she will not
2  allow Petitioner to execute such a release, effectively precluding Respondents from
3  conducting their own investigation of Petitioner's medical history and alleged
4  medical condition.

5  Petitioner has placed his mental and physical condition from the time of
6  birth to present day at issue in connection with his ineffective assistance of counsel
7  claims.  This Court need look no further than Peggy Jones's declaration, which is
8  now part of the expanded record, to determine that claims 20(O),(P), and (T)
9  encompass Petitioner's entire life.  Respondents have completed the depositions of
10 Petitioner's mother, step-father, and sister, and have discovered that an investigator
11 for the Federal Public Defender's Office, Jeanette Sheldon, conducted an extensive
12 search for Petitioner's medical records.  Respondents are entitled to independently
13 verify whether additional medical records exist, and if not, when and how they
14 were destroyed.

15 During the deposition of Petitioner's mother, Peggy Jones, she referred to a
16 family physician, who examined Petitioner shortly after he fell off a roof when he
17 was 11 years old.  No mention is made of this examination in the declarations
18 supporting Petitioner's claims, nor is there any mention of the fact that the family
19 physician concluded  Petitioner's injuries did not necessitate further evaluation by
20 a neurologist.  (Excerpt of Deposition, Attachment A.)

21 On the eve of the first expert witness deposition, Petitioner's counsel
22 delivered a package containing late disclosed documents which appear to be
23 additional information gathered by the Federal Public Defender's investigator and
24 given to some of the expert witnesses.  One of the memos from Jeanette Sheldon to
25 the "Danny Jones Team" mentions the family doctor and the fact that Mrs. Jones
26 signed releases for this doctor's records.  These records should be produced and
27 Petitioner should sign a release giving Respondents access to his medical history.
28 Federal Rule 26(b)(1) provides that "parties may obtain discovery regarding

any matter, not privileged, that is relevant to the claim or defense of any party . . ." *Id.* Petitioner has placed his mental health at issue with regard to trial counsel's alleged failure to timely request neuropsychological examinations for purposes of mitigation and for failing to develop mitigation based on a traumatic birth; abusive early childhood; history of drug abuse, and head injuries and their effect on his behavior. (See Order Re: Renewed Motion for Evidentiary Hearing and Motion for Expansion of the Record, dated March 30, 2005, at 38.) It would be manifestly unfair to limit the scope of the hearing to medical records selected by Petitioner, and to deny Respondents the opportunity to discover additional medical records that are relevant to the claims presented. *See State v. Thornton*, 929 P.2d 676, 681-682 (trial court's order requiring defendant who placed his mental health at issue to disclose all mental health experts and hospitalization records of past evaluations did not violate defendant's right against self-incrimination); *see also Phillips v. Araneta*, 208 Ariz. 280 ¶ 9, 93 P.3d 480 (2004) (by placing his mental health at issue, defendant "opened the door" to examination by state expert).

Moreover, Respondents are entitled to have their own expert(s) evaluate Petitioner pursuant to Rule 35 of the Federal Rules of Civil Procedure, and evaluate the medical history provided by Petitioner to his own experts. Respondents should be able to independently determine whether additional medical records exist, and if so, whether they provide the experts with a more complete picture of Petitioner's medical history.

## CONCLUSION

To the extent Petitioner's counsel or investigator have medical records in addition to those sent to the expert witnesses, Petitioner should be required to produce them. Additionally, Petitioner should be required to execute a medical release, authorizing custodians of Petitioner's medical records to release them to Respondents.

| | |
|---|---|
| 1 | DATED this 8th day of September, 2005. |

                                           RESPECTFULLY SUBMITTED,

                                           TERRY GODDARD
                                           ATTORNEY GENERAL

                                           s/
                                           DAWN M. NORTHUP
                                           ASSISTANT ATTORNEY GENERAL
                                           ATTORNEYS FOR RESPONDENTS

I HEREBY CERTIFY THAT ON SEPTEMBER 8, 2005, I ELECTRONICALLY TRANSMITTED THE ATTACHED DOCUMENT TO THE CLERK'S OFFICE USING THE CM/ECF SYSTEM FOR FILING AND TRANSMITTAL OF A NOTICE OF ELECTRONIC FILING TO THE FOLLOWING CM/ECF REGISTRANTS:

JON M. SANDS
FEDERAL PUBLIC DEFENDER

LETICIA MARQUEZ
SYLVIA J. LETT
Assistant Federal Public Defenders
407 West Congress Street, Suite 501
Tucson, Arizona 85701-1310

Attorney for Petitioner



s/
DAWN M. NORTHUP

CRM 93-2010
122473