**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Danny Lee Jones,<br><br>    Petitioner,<br><br>vs.<br><br>Dora Schriro, et al.,<br><br>    Respondents. | No. CV-01-384-PHX-SRB<br><br>DEATH PENALTY CASE<br><br><br>**ORDER RE: MOTIONS TO LIMIT AND/OR SUPPLEMENT DISCOVERY AND TO EXTEND DEADLINE FOR PRE-HEARING MEMORANDUM** |

       The Court granted the parties leave to conduct limited discovery in preparation for an evidentiary hearing to be held on March 21-24, 2006, regarding Claims 20(O), (P) and (T). (Dkt. 121.) Before the Court is Petitioner's unopposed supplemental request for discovery, from Drs. Anne M. Herring and John V. Scialli, experts for Respondents. (Dkt. 158.) That motion will be granted. Also before the Court is the parties' joint motion to extend the time to file a joint pre-hearing memorandum until February 13, 2006. (Dkt. 164.) That motion will also be granted.

       Also before the Court is Respondents' motion to limit further discovery by, and for supplemental discovery from, Petitioner. (Dkt. 157.) Petitioner filed an opposition to the motion, and Respondents filed a reply. (Dkts. 161, 162.) In their motion, Respondents generally object to Petitioner's statement in his notice of witnesses that purports to reserve the right to amend the list pursuant to ongoing investigations. Respondents argue that discovery should have been completed long ago and that Petitioner's continuing

investigation may be an attempt to expand or alter the claims before the Court. Respondents' objections are speculative at this juncture. Petitioner has not sought discovery based on his ongoing investigations, nor has he sought to amend his petition or witness list. Moreover, the Court previously determined that Petitioner was not entitled to discovery on other habeas claims. (Dkts. 90, 96, 100, 121.)

Respondents also object to the addition of two expert witnesses by Petitioner that were disclosed on October 31, 2005: David Ruhnke, a legal expert, and Jill Miller, a mitigation expert.[1] According to Petitioner's disclosure, these two experts will testify to the minimum standards a reasonable attorney would undertake in preparing for a capital trial and sentencing. Respondents assert that apart from indicating these witnesses' areas of expertise, Petitioner has not disclosed their credentials or any opinion rendered by them in connection with the claims at issue. Respondents ask that, before expending additional time and expense deposing these experts, Petitioner be required to show good cause for adding them pursuant to Habeas Rule 6 or, at a minimum, that Petitioner provide Respondents with his "new" experts' opinions and any documents reviewed in reaching their opinions.[2]

The Court finds that testimony regarding the standards of practice for criminal defense attorneys in capital cases will not substantially aid it in resolving Petitioner's claims. This Court is fully qualified to understand and apply the legal analysis required by Strickland v. Washington, 466 U.S. 668, 687 (1984), to the facts as developed during this federal habeas corpus litigation. Cf. LaGrand v. Stewart, 133 F.3d 1253, 1270 n.8 (9th Cir. 1998)

---

[1] On October 31, 2005, Petitioner also disclosed a new fact witness, Ken Everett. Respondents do not object to the addition of this witness, provided they may informally interview him. (Dkt. 162 at 3.) Respondents do not need Court authorization under Habeas Rule 6 to conduct informal interviews because such investigative work is not formal discovery for which good cause must be shown.

[2] Contrary to Respondents' implication, Habeas Rule 6 is irrelevant to the issue of disclosure of witnesses. Furthermore, Petitioner's October 31, 2005, disclosure was timely. (See Dkt. 140 at 1-2, setting October 31, 2005, as the final disclosure deadline).

("Although the determination of whether counsel has performed deficiently is a mixed question of law and fact . . . there is no requirement that expert testimony of outside attorneys be used to determine the appropriate standard of care."). Because the Court does not intend to allow expert testimony regarding the standards a reasonable attorney would undertake in preparing for a capital trial and sentencing, Respondents' request as to experts Ruhnke and Miller will be denied as moot.

Respondents also seek leave to obtain supplemental discovery from Petitioner's expert Dr. David Foy. (Dkt. 157 at 2-3.) They state that Dr. Foy failed to bring to his deposition all of the materials he reviewed in preparing his opinion and was unable to recall the documents he relied on in forming some of his opinions.[3] (Id.) Respondents represent that Petitioner's counsel agreed that his deposition could be reopened when Dr. Foy was better prepared (id. at 3), and Petitioner has not objected to this request. Therefore, leave to reopen Dr. Foy's deposition will be granted.

Finally, Respondents seek leave to depose Jeannette Sheldon, an investigator for Petitioner's habeas counsel, who prepared reports and memoranda that were reviewed and relied upon by Petitioner's previously-disclosed experts in reaching their conclusions. (Dkt. 157 at 3.) Specifically, Respondents assert that items 1-7 and 11-12 of an index of items provided to Petitioner's experts were prepared by Ms. Sheldon. (Id., ex. B.) Respondents seek to depose Ms. Sheldon in order to learn the bases for the information contained in the memoranda. Petitioner states that he has already provided the materials reviewed by his experts, including those prepared by Ms. Sheldon, to Respondents, and he objects to deposition of Ms. Sheldon based on the work-product doctrine. (Dkt. 161.)

The Court will deny Respondents' request to depose Petitioner's counsel's investigator without prejudice to renewal. Petitioner represents, and Respondents do not

---

[3] They cite as an example that Dr. Foy indicated he had reviewed a "mitigation folder" but that he could not recall what was in it or how that information related to his report. (Id.)

dispute, that Petitioner has disclosed the documents prepared by Ms. Sheldon that were reviewed by Petitioner's experts. Apart from the *very* general description of the items prepared by Ms. Sheldon listed in the index attached to the motion, Respondents fail to identify the particular aspects of Ms. Sheldon's memoranda about which they seek to learn the basis. The Court disagrees with Respondents' assertion that Petitioner waived the work-product privilege for work product of his *habeas* counsel, or their agents, by alleging ineffectiveness claims against his *trial* counsel. Any renewed motion shall be filed no later than **February 6, 2006**.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for supplemental discovery is **GRANTED**. (Dkt. 158.)

**IT IS FURTHER ORDERED** that the parties' joint motion for extension of time to file a joint pre-hearing memorandum is **GRANTED**. The parties shall file their Joint Pre-Hearing Memorandum no later than **February 13, 2006.** (Dkt. 164.)

**IT IS FURTHER ORDERED** that Respondents' motions to limit further discovery by, and obtain supplemental discovery from, Petitioner is **GRANTED** in part and **DENIED** part. The Motion is **GRANTED** to the extent set forth below and is otherwise **DENIED**. (Dkt. 157.)

**IT IS FURTHER ORDERED** that Respondents are granted leave to reopen the deposition of Dr. David Foy. Such deposition shall be completed no later than **February 15, 2006**, absent a stipulation submitted by the parties to extend that date.

**IT IS FURTHER ORDERED** that Respondents shall file any renewed motion to depose Ms. Sheldon no later than **February 6, 2006**. Petitioner shall file any response

1 thereto no later than **February 13, 2006**, and Respondents shall file any reply no later than
2 **February 15, 2006**.

4         DATED this 27th day of January, 2006.

_____
Susan R. Bolton
United States District Judge