**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Danny Lee Jones,<br><br>    Petitioner,<br><br>v.<br><br>Dora Schriro, et al.,<br><br>    Respondents. | No. CV-01-384-PHX-SRB<br><br><u>DEATH PENALTY CASE</u><br><br>**ORDER RE: CERTIFICATE OF APPEALABILITY** |

The Court has denied Petitioner Danny Lee Jones's petition for a writ of habeas corpus. In the event Petitioner appeals from this Court's judgment, and in the interests of conserving scarce Criminal Justice Act funds that might be consumed drafting an application for a certificate of appealability to this Court, the Court on its own initiative has evaluated the claims within the petition for suitability for the issuance of a certificate of appealability. *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

Rule 22(b) of the Federal Rules of Appellate Procedure provides that when an appeal is taken by a petitioner, the district judge who rendered the judgment "shall" either issue a certificate of appealability ("COA") or state the reasons why such a certificate should not issue. Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." This showing can be established by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the

issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).  For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right, and (2) whether the court's procedural ruling was correct. *Id.*

The Court finds that reasonable jurists could debate its resolution of the issues set forth in Claims 20(O), 20(P), and 20(T).  The Court therefore grants a certificate of appealability as to these issues.  For the reasons stated in the Court's Memorandum of Decision and Order filed simultaneously on this date, the Court declines to issue a certificate of appealability with respect to the remaining claims and procedural issues.

Based on the foregoing,

**IT IS HEREBY ORDERED** that the Court grants a Certificate of Appealability as to the following issues:

> Whether Claim 20(O), alleging that Petitioner's right to effective assistance of counsel at sentencing was denied by counsel's failure to secure the appointment of an additional neurologist or neuropsychologist, fails on the merits;

> Whether Claim 20(P), alleging that Petitioner's right to effective assistance of counsel at sentencing was denied by counsel's failure to timely move for neurological and neuropsychological testing, fails on the merits; and

> Whether Claim 20(T), alleging that Petitioner's right to effective assistance of counsel at sentencing was denied by counsel's failure to present additional mitigating witnesses and evidence, fails on the merits.

DATED this 1st day of September, 2006.

Susan R. Bolton
United States District Judge