**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Danny Lee Jones, | ) No. CV-01-384-PHX-SRB |
| Petitioner, | ) DEATH PENALTY CASE |
| v. | ) |
| | ) **ORDER** |
| Dora Schriro, et al., | ) |
| Respondents. | ) |

Pending before the Court is Petitioner's Motion to Alter or Amend Judgment, filed September 15, 2006, and a supplement to the motion filed September 18, 2006 . (Dkts. 224, 225.) The motion, brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, asks the Court to reconsider portions of its Order denying Petitioner's amended habeas corpus petition. (Dkt. 221.) Respondents filed a response opposing the motion (Dkt. 226), to which Petitioner replied (Dkt. 227).

Motions for reconsideration are disfavored and only appropriate if the court is presented with newly discovered evidence, if the court committed clear error, or if there is an intervening change in controlling law. *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam); *see School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration is not a forum for the moving party to make new arguments not raised in its original briefs, *Northwest Acceptance Corp. v. Lynnwood Equipment, Inc.*, 841 F.2d 918, 925-926 (9th Cir. 1988), nor is it the time to ask the court to "rethink what it has already thought through," *United States v. Rezzonico*,

32 F. Supp.2d 1112, 1116 (D. Ariz. 1998) (quotation omitted).

In his original motion (Dkt. 224), Petitioner challenges the factual and legal conclusions reached by this Court in its resolution of Claim 20(N), alleging ineffective assistance of counsel ("IAC") at sentencing based upon trial counsel's failure to object to the presentation of victim impact evidence. Because Petitioner's motion is essentially a request that the Court rethink a decision it has already made, the motion must be denied. Nevertheless, the Court will briefly reiterate its analysis in response to Petitioner's contentions.

In his supplement (Dkt. 225), Petitioner contends that the recent decision in *Comer v. Schriro*, 463 F.3d 934 (9th Cir. 2006), holding that certain claims are "impliedly exhausted" by the Arizona Supreme Court's independent review of a defendant's death sentence, entitles him to relief on Claims 3 and 6, which this Court found to be procedurally barred. (Dkt. 90.) The Court concludes that the analysis in *Comer* does not support Petitioner's argument.

**Claim 20(N):**

Claim 20(N) alleges ineffective assistance of counsel based upon defense counsel's handling of the victim impact statements. This Court found that counsel's failure to object to the presentation of the information did not constitute IAC under *Strickland* because it was not improper for the State to present victims' statements and because the trial court is presumed to consider only relevant information in making its sentencing determination. (Dkt. 221 at 30.) The Court further noted the factual finding of the Arizona Supreme Court, *State v. Jones*, 185 Ariz. 471, 490 n.3, 917 P.2d 200, 219 n.3 (1996), which determined that the trial court did not give any aggravating weight to the victim's recommendations. (*Id.*)

Petitioner's motion for reconsideration forgoes analysis under the *Strickland* standard and instead simply restates the arguments contained in Claim 17, which the Court dismissed

2

as procedurally barred.[1]  (*Id.* at 13.)  Indeed, the gravamen of Petitioner's argument appears to be a contention that this Court erred in agreeing with the Arizona Supreme Court that the record does not show that the trial court considered the objectionable information.  To this end, Petitioner criticizes the Court's citation of the Arizona Supreme Court's holdings in *State v. Soto-Fong*, 187 Ariz. 186, 928 P.2d 610 (1996); *State v. Gulbrandson*, 184 Ariz. 46, 906 P.2d 579 (1995); and *State v. Bolton*, 182 Ariz. 290, 896 P.2d 830 (1995).  Petitioner contends that these holdings do not support this Court's ruling because, in contrast to the trial court in this case, the courts there explicitly stated that they did not consider victim impact evidence with respect to capital counts.  In fact, the cases cited by this Court squarely address the issue presented by Petitioner's challenge to the trial court's handling of the victims' statements:

> In *Bolton,* as in this case, a portion of the family's testimony addressed imposition of the death penalty. *Id.* at 315, 896 P.2d at 855. We held that "[a]bsent evidence to the contrary [this court will assume that] the trial judge in a capital case is capable of focusing on the relevant sentencing factors and setting aside the irrelevant, inflammatory, and emotional factors." *Id.* at 316, 896 P.2d at 856 (citing *State v. Atwood,* 171 Ariz. 576, 657, 832 P.2d 593, 674 (1992), *cert. denied,* 506 U.S. 1084, 113 S.Ct. 1058, 122 L.Ed.2d 364 (1993)).

*Soto-Fong*, 187 Ariz. at 209, 928 P.2d at 633.  The court then concluded, "Defendant has not brought forth, as is his burden under *Bolton,* 'evidence to the contrary.'"  *Id.*  Likewise, Petitioner here has brought forward only speculation that the trial court considered the victim's opinions as to punishment when it sentenced Petitioner.  He has not met his burden of bringing forth "evidence to the contrary."

Of course, this analysis is only tangentially related to the IAC allegation raised in Claim 20(N).  However, it does serve to illustrate the proposition upon which the Court's denial of Claim 20(N) was based; i.e., that counsel's failure to object to the victim impact statements did not constitute IAC pursuant to *Strickland*'s two-pronged analysis because the

---

[1] Claim 17 alleged that when sentencing Petitioner to death the trial court improperly considered information concerning the victim's views on the appropriate punishment, thereby violating Petitioner's due process and Eighth Amendment rights.

3

State's presentation of victim impact statements was permissible so long as the trial court followed the law, as it is presumed to do, *see, e.g.*, *Jeffers v. Lewis*, 38 F.3d 411, 415 (9th Cir. 1994), and did not consider any improper information when passing sentence.

**Claims 3 and 6:**

In *Comer v. Schriro*, decided September 13, 2006, a panel of the Ninth Circuit held that the petitioner, though competent to do so, was not entitled to waive his right to appellate review of his habeas petition. 463 F.3d at 952. In order to reach the merits of Comer's claims and grant relief, the court also held that several of the claims that the district court found to be procedurally barred had been "impliedly exhausted" by the Arizona Supreme Court's review of Comer's death sentence. *Id.* at 955. The claims subject to the implied exhaustion doctrine were those that "relate[d] to the procedural conduct of his sentencing hearing, and directly implicate[d] Eighth and Fourteenth Amendment protections against the arbitrary imposition of the death penalty." *Id.* In support of this ruling, the *Comer* court further explained that, "during its independent review, the Arizona Supreme Court examines the entire record, particularly the sentencing hearing, to determine if any procedural errors occurred or other arbitrary factors influenced the sentencing court's decision to impose the death sentence." *Id.* Based upon this explication of the implied exhaustion doctrine, the Court rejects Petitioner's contention that *Comer*'s holding applies to Claims 3 and 6 of his amended habeas petition, and that the Court must therefore reconsider its ruling that those claims were procedurally barred.

In Claim 3, Petitioner alleged that the trial court violated his rights to due process, a fair trial, and a fair and reliable sentencing by granting him only limited funds for pretrial expert assistance. (Dkt. 54 at 53-56.) In Claim 6, Petitioner alleged that the trial court violated his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments by failing to consider all of his proffered mitigation evidence. (*Id.* at 64-66.) The Court found that these claims were barred based upon the PCR court's ruling, pursuant to Rule 32.2(a)(3), that the claims could have been raised at trial or on direct appeal. (Dkt. 90 at 9.) The Court also

4

rejected Petitioner's argument that the claims were exhausted by the independent sentencing review carried out by the Arizona Supreme Court. (*Id.* at 10-11.) The discussion in *Comer* does not alter the Court's analysis.

Petitioner's specific allegation in Claim 3 was that his rights were violated when the trial court authorized $2,000 in pretrial funds to retain a criminalist and an addictionologist, instead of the $5,000 counsel had requested. (*Id.* at 53.) There is nothing in this claim that implicates the *Comer* court's concern with the procedural adequacy of a capital sentencing hearing. *Comer*, 463 F.3d at 955 & n.16. Therefore, the claim is outside the category of sentencing-stage claims that is subject to implied exhaustion through the supreme court's independent sentencing review.

The specific allegation in Claim 6 was that the "trial court had already made up its mind to sentence [Petitioner] to death" and therefore did not consider the mitigation evidence presented by Petitioner. (*Id.* at 64.) The Court again concludes that this claim is distinguishable from those found by *Comer* to be subject to implied exhaustion. Claim 6 bears a much closer resemblance to Comer's Claim XIV, which alleged that the Arizona Supreme Court failed to consider the cumulative weight of his mitigation evidence, than to the claims found by the *Comer* court to have been impliedly exhausted, each of which addressed procedural irregularities at sentencing. *Comer*, 463 F.3d at 955 & n.16. Petitioner's Claim 6 did not allege procedural errors at sentencing; instead, like Comer's Claim XIV, it challenged the court's assessment of the mitigation evidence.

The decision in *Comer*, therefore, does not support Petitioner's contention that Claims 3 and 6 were impliedly exhausted by the Arizona Supreme Court's independent review of his sentence.[2]

---

[2] At one point, Petitioner's supplement refers to Claims 15 and 16 as well as 3 and 6. (Dkt. 225 at 3.) Assuming Petitioner seeks reconsideration of Claims 15 and 16, which alleged that Petitioner's rights were violated by the State's failure to preserve and disclose exculpatory evidence, the Court denies the request for the reasons set forth with respect to Claims 3 and 6.

5

For the reasons set forth above, Petitioner's motion for reconsideration of Claims 3, 6, and 20(N) must be denied.

Accordingly,

**IT IS HEREBY ORDERED** denying Petitioner's Motion to Alter or Amend Judgment. (Dkts. 224, 225.)

DATED this 7th day of November, 2006.

_____
Susan R. Bolton
United States District Judge