MARK BRNOVICH
ATTORNEY GENERAL
(FIRM STATE BAR NO. 14000)

LACEY STOVER GARD
CHIEF COUNSEL

JEFFREY L. SPARKS
ASSISTANT ATTORNEY GENERAL
CAPITAL LITIGATION SECTION
1275 WEST WASHINGTON
PHOENIX, ARIZONA  85007–2997
TELEPHONE: (602) 542–4686
CADocket@azag.gov
(STATE BAR NUMBER 027536)

ATTORNEYS FOR RESPONDENT

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Danny Lee Jones,<br><br>　　　Petitioner,<br><br>　　　-vs-<br><br>Charles L. Ryan, et al.,<br><br>　　　Respondents. | CV 01–00384–PHX–SRB<br><br>**RESPONDENTS' MOTION TO STRIKE JUROR DECLARATIONS** |

Respondents respectfully request the Court to strike the two juror declarations appended as exhibits to Petitioner Jones's April 18, 2016, Reply Brief, as well as the portion of the brief that discusses and relies upon the declarations because federal law prohibits the use of juror declarations to support Jones's ineffective assistance of counsel claims. *See* Fed. R. Civ. P. 12(f).

On December 17, 2015, Jones filed his *Martinez/Dickens* Brief, pursuant to the Ninth Circuit's remand and this Court's order of August 21, 2015. (Dkts. 246, 243, 238.) On February 18, 2016, Respondents filed a Response, and Jones filed his Reply Brief on April 18, 2016. (Dkts. 250, 247.)

Jones appended two exhibits to his Reply. Both are 14-year-old declarations from jurors from Jones's 1995 trial. Exhibit 26 is a declaration by juror G.M., dated August 22, 2002. (Dkt. 250–1.) She states that she "never agreed with the conclusions of the

jury in the case," "never believed Danny Lee Jones murdered the little girl, Tisha Weaver," "had many doubts about whether or not Danny Lee Jones was responsible for the death of the grandmother," believed Jones murdered Robert Weaver but "never thought he should be found guilty of First Degree Murder for Mr. Weaver's death," does not believe Robert Weaver's death warranted the death penalty,[1] and "felt pressured by other members [of the jury] to change my vote because the verdict had to be unanimous." (*Id.* at 1–2.)

Exhibit 27 is a declaration by juror M.L.H., dated August 20, 2002. (Dkt. 250–2.) She states that she would not have sentenced Jones to death for Robert Weaver's murder and that if she had heard additional evidence regarding Frank Sperlazzo at trial she would not have voted to convict Jones of Tisha Weaver's murder. (*Id.* at 1–2.)

Jones cites to and relies upon the juror declarations on page 20 of his Reply. (Dkt. 250 at 20.)

Long-standing Supreme Court precedent holds that juror testimony is inadmissible to impeach a jury verdict. *Tanner v. United States*, 483 U.S. 107, 117 (1987); *see also United States v. Bagnariol*, 665 F.2d 877, 884–85 (9th Cir. 1981) (jurors "may not be questioned about the deliberative process or subjective effects of extraneous information, nor can such information be considered by the trial or appellate courts"). The only exception to this rule occurs when an "extraneous influence" allegedly affected the verdict. *Tanner*, 483 U.S. at 117. As the Court has explained, this rule is supported by the foundations of the jury system itself:

> [L]et it once be established that verdicts solemnly made and publicly returned into court can be attacked and set aside on the testimony of those who took part in their publication and all verdicts could be, and many would be, followed by an inquiry in the hope of discovering something which might invalidate the finding. Jurors would be harassed and beset by the defeated party in an effort to secure from them evidence of facts which might establish misconduct sufficient to set aside a verdict. If evidence

---

[1] The trial court, not the jury, decided Jones's sentence.

2

   thus secured could be thus used, the result would be to make what was intended to be a private deliberation, the constant subject of public investigation—to the destruction of all frankness and freedom of discussion and conference.

*Id.* at 119–20 (quoting *McDonald v. Pless,* 238 U.S. 264, 267–68 (1915)).

   The Federal Rules of Evidence, which are applicable in this 28 U.S.C. § 2254 proceeding,[2] codify this common law rule. Rule 606(b)(1) prohibits juror testimony "about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment." The rule explicitly states that "[t]he court ***may not receive*** a juror's affidavit or evidence of a juror's statement on these matters." Fed. R. Evid. 606(b) (emphasis added). Exceptions to this rule of prohibition allow a juror's testimony only about whether "extraneous prejudicial information was improperly brought to the jury's attention;" "outside influence was improperly brought to bear upon any juror;" or "a mistake was in entering the verdict onto the verdict form." Fed. R. Evid. 606(b)(2).

   Applying this common law and evidentiary rule, courts consistently refuse to consider juror affidavits or declarations to undermine verdicts, including when proffered in support of ineffective assistance of counsel claims. *See, e.g., Hammonds v. McGrath*, 267 Fed.Appx. 687, 691 (9th Cir. 2008) (rejecting claim that trial counsel was ineffective by failing to challenge the jury's verdict using information four jurors provided to an investigator because such information cannot be used to impeach a verdict); *Coleman v. Sisto*, 2012 WL 6020095, *23 n.13 (E.D. Cal. 2012) (Rule 606(b) barred consideration of juror affidavits "as evidence in support of petitioner's ineffective assistance of counsel claim"); *Smith v. Schriro*, 2006 WL 726913, *22–23 (D. Ariz. 2006) (rejecting request to

---

[2] Fed. R. Evid. 1101(e); *McDowell v. Calderon*, 107 F.3d 1351, 1367 (9th Cir. 1997), *vacated in part on rehearing*, 130 F.3d 833 (9th Cir. 1997); *Capps v. Sullivan*, 921 F.2d 260, 262 (10th Cir. 1990).

1  expand the record with juror declarations in support of a number of claims, including
2  *Strickland* claims); *see also Rowland v. Chappell*, 902 F.Supp.2d 1296, 1333 (N.D. Cal.
3  2012) (petitioner did not establish that juror declarations were admissible in support of
4  claim that jurors received and based their death sentence on extrajudicial information).

5  Here, Rule 606(b)(1) and the common law prohibit Jones from offering, and this
6  Court from considering, the juror declarations in support of his claim that he suffered
7  *Strickland* prejudice. The declarations Jones's attached to his Reply Brief contain
8  precisely the type of juror testimony that is prohibited: information about the jury's
9  deliberations, the effect of information on the jurors' votes, and the jurors' mental
10 processes concerning the verdicts.[3] (See Dkts. 250 at 20, 250–1, 250–2.) *See Bagnariol*,
11 665 F.2d at 884–85; *Smith*, 2006 WL 726913 at *22–23.

12 Nor do the declarations do not fall within Rule 606(b)(2)'s exceptions. They do
13 not allege that any extraneous prejudicial information was brought to the jury's attention,
14 that any juror was pressured by outside influence, or that the jury made a mistake filling
15 out the verdict form.

16 Because the Federal Rules of Evidence and the common law prohibit Jones from
17 supporting his ineffective assistance claims with juror declarations, and Rule 606(b)(1)
18 prevents this Court from even receiving the declarations, Respondents respectfully
19 request that this Court strike Exhibits 26 and 27 and all portions of Jones's Reply brief
20 that rely on those exhibits.

21 / / /
22 / / /
23
24
---

[3] Even if Rule 606(b) and *Tanner* did not bar consideration of the juror declarations, they are nonetheless irrelevant to the resolution of Jones's ineffective assistance claims. Whether there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different is an objective standard that this Court must undertake without regard for the "idiosyncrasies of the particular decisionmaker." *Strickland v. Washington*, 466 U.S. 668, 694–95 (1984); *see also Hill v. Lockhart*, 474 U.S. 52, 60 (1985).

DATED this 20th day of April, 2016.

                              Respectfully submitted,

                              Mark Brnovich
                              Attorney General

                              Lacey Stover Gard
                              Chief Counsel


                              s/Jeffrey L. Sparks
                              Assistant Attorney General

                              Attorneys for Respondents

**CERTIFICATE OF SERVICE**

I hereby certify that on April 20, 2016, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

LETICIA MARQUEZ
SYLVIA LETT
Assistant Federal Public Defenders

Attorneys for Petitioner


s/Liz Gallagher

5035708