**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Danny Lee Jones, | No. CV-01-00384-PHX-SRB |
| Petitioner, | DEATH PENALTY CASE |
| v. | ORDER |
| Charles L. Ryan, et al., | |
| Respondents. | |

Before the Court is Respondents' Motion to Strike Juror Declarations (Doc. 251). This case is before the Court on remand from the Ninth Circuit Court of Appeals for reconsideration, pursuant to *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and *Dickens v. Ryan*, 740 F.3d 1302 (9th Cir. 2014) (en banc), of Jones' claims of ineffective assistance of counsel. Jones filed his supplemental *Martinez* brief on December 17, 2015. (Doc. 246.) Respondents filed a response and Jones filed a reply. (Docs. 247, 250.)

Jones attached two exhibits to his reply brief. They are declarations from jurors from Jones' 1993 trial.[1] Exhibit 26 is a declaration by juror Gwendelyn Munro, dated August 22, 2002. (Doc. 250-1.) She states that she "never agreed with the conclusions of the jury in the case," "never believed [] Jones murdered the little girl," "had many doubts

---

[1] Jones was convicted of two counts of first-degree murder and one count of attempted first-degree murder. Jones killed his friend Robert Weaver with a baseball bat; attacked Weaver's grandmother with the bat (she died from her injuries after trial); and killed Weaver's seven-year-old daughter, Tisha, dragging her out from under her bed, striking her with the bat, and strangling or suffocating her. *State v. Jones*, 185 Ariz. 471, 477–78, 917 P.2d 200, 206–07 (1996). The trial judge sentenced Jones to death.

about whether or not [] Jones was responsible for the death of the grandmother," believed Jones murdered Robert Weaver but "never thought he should be found guilty of First Degree Murder for Mr. Weaver's death," did not believe Weaver's death warranted the death penalty, and "felt pressured by other members to change my vote because the verdict had to be unanimous." (*Id.* at 1–2.)

Exhibit 27 is a declaration by juror Mary Lou Herridge, dated August 20, 2002. (Doc. 250-2.) She states that she would not have sentenced Jones to death for Robert Weaver's murder and if she had heard additional evidence regarding Frank Sperlazzo she would not have voted to convict Jones of Tisha Weaver's murder.[2] (*Id.* at 1–2.)

Respondents contend that common law and the Federal Rules of Evidence prohibit the Court from considering the declarations. The Court agrees. Juror testimony cannot be used to impeach a verdict unless "extrinsic influence or relationships have tainted the deliberations." *Tanner v. United States*, 483 U.S. 107, 120 (1987). Similarly, Rule 606(b)(1) prohibits juror testimony "about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment." Fed. R. Evid. 606(b)(1). The Rule states that "[t]he court may not receive a juror's affidavit or evidence of a juror's statement on these matters." *Id.* The only exceptions to the Rule concern questions of whether "extraneous prejudicial information was improperly brought to the jury's attention"; "outside influence was improperly brought to bear upon any juror"; or "a mistake was in entering the verdict onto the verdict form." Fed. R. Evid. 606(b)(2).

Jones cites the juror declarations in his reply, arguing that "at least two jurors would have sentenced Jones to life." (Doc. 250 at 20.) He contends that the Court may consider the declarations because they do not challenge the verdict within the meaning of Rule 606(b) but are offered in response to Respondents' argument that a death sentence was a foregone conclusion in Jones' case. (Doc. 252 at 2.)

---

[2] The additional evidence purportedly would have supported Jones' testimony at trial that Sperlazzo killed Tisha.

As Respondents note, courts have rejected the argument that juror affidavits may be considered under Rule 606(b) in support of ineffective assistance of counsel claims. *See Brown v. United States*, 720 F.3d 1316, 1337 (11th Cir. 2013) (juror's affidavit, swearing that additional mitigation evidence gathered during the postconviction process might have had an impact on the jury's penalty phase deliberations, was not competent evidence); *Hoffner v. Bradshaw*, 622 F.3d 487, 501 (6th Cir. 2010) (juror's affidavit stating that the defendant's lack of emotion was a factor in voting to recommend the death penalty was properly excluded from consideration); *Williams v. Collins*, 16 F.3d 626, 636 (5th Cir. 1994) (district court did not abuse its discretion in excluding testimony from jurors as to whether their deliberations would have been different if they had been presented with additional mitigating evidence); *Coleman v. Sisto*, No. 2:09-CV-0020-DAD, 2012 WL 6020095, at *23 n.13 (E.D. Cal. Dec. 3, 2012) ("Under [Rule 606(b)], these post-verdict juror affidavits cannot be considered as evidence in support of petitioner's ineffective assistance of counsel claim.").

The proffered declarations concern the jurors' deliberative process and the potential effect of evidence of their votes. Therefore, they may not be considered under Rule 606(b). *See, e.g.*, *Smith v. Schriro*, No. CV-03-1810-PHX-SRB, 2006 WL 726913, at *22–23 (D.Ariz. Mar. 21, 2006).

Accordingly,

**IT IS ORDERED** granting Respondents' Motion to Strike (Doc. 251). Exhibits 26 and 27 to Jones's reply brief (Doc. 250) are stricken from the record.

Dated this 15th day of June, 2016.

Susan R. Bolton
United States District Judge

- 3 -